IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| PAUL K. HOWE #1473581 | § | |
| v. | § | CIVIL ACTION NO. 9:08cv142 |
| POLUNSKY UNIT | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Paul Howe, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Howe complains of the conditions of confinement at the Polunsky Unit of TDCJ-CID. He named the Polunsky Unit as the sole named defendant in his case. On September 5, 2008, the Magistrate Judge ordered Howe to either pay the filing fee or to submit an application for leave to proceed *in forma pauperis* which was accompanied by a certified inmate trust fund data sheet, as required by 28 U.S.C. §1915(b). The Magistrate Judge also ordered Howe to file an amended complaint setting forth his claims with more factual specificity. Howe has not complied with either of these orders.

On October 23, 2008, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge first noted Howe's non-compliance with the orders, pointing out that although Howe said that he was unable to get a data sheet, many other inmates at the Polunsky Unit file lawsuits with data sheets, and Howe did not show why he and he alone should be unable to obtain one. In addition, the Magistrate Judge stated that the sole named Defendant in

the lawsuit is the Polunsky Unit, which is not amenable to suit in its own name and which is a sub-unit of a state agency, and thus immune from suit under the Eleventh Amendment even if it could be sued in its own name. Because the sole named Defendant is not amenable to suit, the Magistrate Judge recommended that the lawsuit be dismissed with prejudice.

Howe filed objections to the Magistrate Judge's Report on November 5, 2008. These objections focus on his claimed inability to obtain a data sheet. He does not mention his failure to file an amended complaint, as the Magistrate Judge had directed. Howe also says that he "never claimed that the Polunsky Unit was the plaintiff" [sic] but that the court in Corpus Christi had styled the lawsuit as Howe v. Polunsky Unit. A review of the complaint shows that Howe did not name any individual defendants in his lawsuit, which was not done on a standard Section 1983 lawsuit form; it was for this reason that the Magistrate Judge ordered Howe to file an amended complaint, which would have allowed him to specify the persons whom he wished to sue. Howe's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the Plaintiff's complaint and pleadings, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action against the Polunsky Unit be and hereby is DISMISSED with prejudice as frivolous. This dismissal shall not prevent Howe from refiling such claims as he may have against defendants who are amenable to suit. It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **1**  day of **December, 2008.**

_____
Ron Clark, United States District Judge