IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

PAUL K. HOWE                          §
v.                                    §      CIVIL ACTION NO. 9:08cv142
POLUNSKY UNIT, ET AL.                 §

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF

The Plaintiff Paul Howe, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Howe filed a motion for a temporary restraining order on April 15, 2010, and a motion for a preliminary injunction on May 10, 2010. After review of the motions, the Magistrate Judge issued a Report recommending that the motions be denied. Howe filed objections to the Report, complaining that it is unfair to force him to proceed without counsel, the Magistrate Judge is biased against him, the mailroom officers do what they want and steal supplies which are supposed to go to the inmates, he has lost an eye because of a hemorrhage caused by high blood sugar, he is suing the Defendants in their official capacities because they acted under color of state law, and Dr. Porras refused to get him seen by a specialist. None of these objections show that the Magistrate Judge erred in recommending the denial of Howe's motions for injunctive relief.

Howe filed another motion for injunctive relief along with his objections. This motion says that as of June 28, 2010, he was not getting his insulin. He mentions having seen the doctor in April and May and having been taken to the hospital on one prior occasion, Howe complains that prison

officials keep giving him disciplinary cases that are "lies and bogus" and asks that the Court intervene and grant him injunctive relief against an officer named McKee, who is not a party to the lawsuit.

The prerequisites for a preliminary injunction are: (1) the substantial likelihood that the moving party will prevail on the merits; (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm the injunction may do to the nonmovant; and (4) the granting of the preliminary injunction will not disserve the public interest. Libertarian Party of Texas v. Fainter, 741 F.2d 728, 729 (5th Cir. 1984); see Rule 65(b), Fed. R. Civ. P.

A preliminary injunction is typically granted pending trial on the merits to prevent irreparable injury that may result before a dispositive trial. Shanks v. City of Dallas, Texas, 752 F.2d 1092, 1096 (5th Cir. 1985). The granting or denying of a preliminary injunction is within the discretion of the trial court. Apple Barrel Productions, Inc. v. Beard, 730 F.2d 384, 386 (5th Cir. 1984). Since a preliminary injunction is such an extraordinary, and perhaps drastic, remedy, one is not granted unless the movant clearly carries the onerous burden of persuasion as to all of the elements. United States v. Jefferson County, 720 F.2d 1511, 1519 (5th Cir. 1983). In this regard, the Fifth Circuit has held that conclusory allegations are not sufficient to show entitlement to injunctive relief. Lakedreams v. Taylor, 932 F.2d 1103, 1007 (5th Cir. 1991); *see also* Hancock v. Essential Resources, Inc., 792 F.Supp. 924, 926 (S.D.N.Y. 1992).

In this case, Howe has failed to show that he has a substantial likelihood of success on the merits of his claims, or that he faces a substantial threat of irreparable injury if the requested injunctive relief is not granted. Nor has he shown that the granting of the requested injunctive relief would not disserve the public interest. *See* Lewis v. Casey, 116 S.Ct. 2174, 2182 (1996) (federal district courts are not to allow themselves to become "enmeshed in the minutiae of prison operations.").

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motions for injunctive relief (docket no.'s 41, 44, and 55) are hereby DENIED.

So **ORDERED** and **SIGNED** this **10** day of **September, 2010.**

_____
Ron Clark, United States District Judge