IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| PAUL K. HOWE | § | |
| v. | § | CIVIL ACTION NO. 9:08cv142 |
| POLUNSKY UNIT, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Paul Howe, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Howe's complaint revolved around allegations of deliberate indifference to his serious medical needs, particularly diabetes. The Magistrate Judge conducted an evidentiary hearing and ordered three of the Defendants, Dr. Porras and nurses named Shaffer and Price, to answer the lawsuit. The Defendants filed a motion for summary judgment, to which Howe filed a response. This motion asserted that Howe's allegations were "patently false" and said that he had in fact received a substantial amount of medical care. The competent summary judgment evidence showed that Howe had refused insulin on a number of occasions and that he had denied having diabetes when he entered the prison, although he had been receiving treatment for it prior to that time. This evidence also showed that Howe had received a considerable amount of treatment, including insulin shots on a number of occasions.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the Defendants' motion for summary judgment be granted and that the lawsuit be dismissed. The Magistrate Judge set out the law regarding summary judgment and the standards applicable to claims of deliberate indifference to serious medical needs under the Eighth Amendment. As the Fifth Circuit has observed, deliberate indifference is "an extremely high standard to meet," and requires a showing that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. TDCJ-ID, 239 F.3d 752, 756 (5th Cir. 2001). In the present case, the competent summary judgment evidence showed that Howe had received a substantial amount of medical care but that he frequently refused treatment; there was no evidence that he was ever refused or denied care which he sought.

Although Howe argued that the medical records had been falsified, he offered nothing to support this contention. The Magistrate Judge observed that conclusory allegations that medical records had been falsified are insufficient to defeat a motion for summary judgment, citing Knighten v. Ott, 69 Fed.Appx. 657, 2003 WL 2135594 (5th Cir., May 21, 2003) and Michaels v. Avitech Inc., 202 F.3d 746, 754-55 (5th Cir. 2000). Thus, the Magistrate Judge concluded that Howe's claim on this point lacked merit.

While Howe named the Polunsky Unit of TDCJ as a defendant in the case, the Magistrate Judge stated that the Polunsky Unit had no separate legal existence and thus could not be sued in its own name. Finally, the Magistrate Judge determined that the Defendants were entitled to the defense of qualified immunity and Eleventh Amendment immunity, to the extent that they were sued in their official capacities.

In his objections to the Magistrate Judge's Report, Howe complained that his claims are under the Americans with Disabilities Act, 42 U.S.C. §12132. Even assuming that Howe properly raised such a claim in his pleadings, any such claim is without merit. This section provides that no qualified individual with a disability shall, by reason of such disability, be excluded from

participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity. In construing this statute, the Fifth Circuit has explained that to establish a claim under the Americans with Disabilities Act, the plaintiff must show that (1) that he is a qualified individual under the Act; (2) that he is being excluded from participation in or being denied benefits of services, programs, or activities for which the defendants are responsible, or that he is otherwise being discriminated against by the defendants; and (3) that this exclusion, denial of benefits, or discrimination is by reason of the disability. Lightbourn v. County of El Paso, Texas, 118 F.3d 421, 428 (5th Cir.1997); *see* Davidson v. Texas Department of Criminal Justice, 91 Fed.Appx. 963 (5th Cir., March 19, 2004) (not selected for publication in the Federal Reporter) (rejecting inmate's ADA claim because the inmate failed to show that he was adversely treated solely because of his handicap).

In order to fall within the Americans with Disabilities Act, an individual must show that he has "a physical or mental impairment that substantially limits one or more of the major life activities of an individual." 42 U.S.C. §12102. It is insufficient for individuals attempting to prove disability status merely to submit evidence of a medical diagnosis; rather, they must offer evidence of the extent of the limitations of one or more major life activities in terms of their own experience. *See* Toyota Motor Manufacturing, Kentucky, Inc., v. Williams, 534 U.S. 184, 198 (2002). Diabetics are not disabled *per se* because a person whose impairment is corrected by medication or other measures does not have an impairment which substantially limits a major life activity. Sutton v. United Air Lines, Inc., 527 U.S. 471, 482-83 (1999); Arrington v. Southwestern Bell Telephone Co., 93 Fed.Appx. 593, 2004 WL 362239 (5th Cir., February 26, 2004).

In this case, Howe has not pleaded, much less offered any evidence, that his medical condition substantially limits one or more major life activities. More pertinently, the competent summary judgment evidence shows that Howe has repeatedly refused treatment which could correct or alleviate his medical condition. Howe cannot refuse treatment for his medical condition and then claim to be disabled based on the effects of this refusal of treatment. *Cf.* Fries v. Shalala, 58 F.3d

635, 1995 WL 370706 (5th Cir., May 29, 1995) (social security case) (stating that "Fries' refusal to seek treatment [for mental problems] also suggests that he mental problems were not significant to the extent that she would be disabled as defined under the Act"); Johnson v. Bowen, 894 F.2d 683, 685 n.4 (5th Cir. 1988) (social security case) (a person who fails to follow prescribed treatment will not be found disabled). In addition, Howe has not shown that he is being excluded from participation in or being denied benefits of services, programs or activities *by reason of* any disability which he may have. Davidson, 91 Fed.Appx. 963. Rather, the evidence shows that the prison medical personnel have sought to treat his disability by providing him with medical care for his conditions, but that he frequently refuses such care. To the extent that Howe has raised a claim under the Americans with Disabilities Act, such a claim is without merit.

Howe goes on to complain of alleged harassment which took place after he filed his lawsuit, and says that in April of 2010, he was assaulted by an officer. These allegations are not part of the present lawsuit, and are raised for the first time in Howe's objections to the Magistrate Judge's Report. The Fifth Circuit has held that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994). Howe may seek redress through a separate Section 1983 action for these incidents.

Howe says that he has not had the opportunity to research his case, and that if he had the "same opportunities given to the Attorney General," he would have good explanations as to why he refused his insulin. Howe again says that Dr. Bowers was "confused" and that he has already told the Court about some of the lies in Dr. Bowers' affidavit.

Howe denies naming Dr. Porras, Nurse Shaffer and Nurse Price, saying that "Judge Guthrie did that." He says that he wanted to look at the employee roster to determine who to sue, and that Shaffer and Porras had "done nothing except try to help him." He refers to an incident in July of 2010, not part of this lawsuit, when he cut his throat with a razor, saying that it was patched up by

4

the medical department who then sent him right back to his cell, ignoring the risk of suicide. Howe again complains about Dr. Bowers and the alleged assault in April of 2010, and talks about a nurse who treated him from April to July of 2010; he states that this nurse called the Director of Correctional Medical Care about how he was being refused medical care, but he will not give her name "because of the obvious harassment and transfer of those that were trying to help me in the first place." Howe says that he "can't get TDCJ to help him in any way," despite the substantial quantum of medical care which the summary judgment evidence shows that he has received. In an attachment to his objections, he argues that he is being denied access to court, a claim which also is not part of the present lawsuit, although he says that he was able to write to Harvard Law School and receive legal materials from that source. Nothing in Howe's objections shows that the Report of the Magistrate Judge was in error.

The Court has conducted a careful *de novo* review of the pleadings and evidence in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **22** day of **January, 2011.**

_____
Ron Clark, United States District Judge